**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **SHIRLEY PHULL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:04cv1536 |
| ) | |
| **INTERSTATE MANAGEMENT CO., LLC,** ) | |
| ) | |
| **Defendant.** ) | |

# ORDER

In this Title VII race discrimination case, defendant has moved to strike plaintiff's designation of Freda Alexander as an expert witness. Plaintiff has designated Ms. Alexander as an expert on the subjects of (i) "defendant's legitimate job performance expectations for the position [p]laintiff held with defendant," and (ii) "[p]laintiff's performance in light of those performance expectations." Presumably, plaintiff intends to offer Ms. Alexander's testimony to establish the third prong of the *McDonnell Douglas-Burdine prima facie* case of discriminatory discharge, namely that plaintiff "was performing at a level that met [her] employer's legitimate expectations." *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003); *accord Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999). As the basis for its motion to strike, defendant contends that Ms. Alexander is not qualified to testify as an expert pursuant to Rule 702, FED. R. EVID.

Under Rule 702, a witness qualified as an expert "by knowledge, skill, experience, training or education" may offer expert testimony if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and

(3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. Ms. Alexander's deposition establishes, *inter alia*, that she has no knowledge of defendant's performance expectations for plaintiff's former position beyond her superficial familiarity with a written job description of the position. *See* Dep. of Freda Alexander at 36-37. She does not know, for example, the sales goals that plaintiff — the former Director of Sales and Marketing — was expected to meet, or whether plaintiff met those goals. *Id.* at 32-34. Thus, it is clear that any testimony she would give concerning the issues for which she is designated would not be "based upon sufficient facts or data" as required by Rule 702, and would amount to little more than her own subjective views on those issues.

Opposing this conclusion, plaintiff contends that "Freda Alexander qualifies as an expert under *King v. Rumsfeld*, 328 F.3d 145 (4th Cir. 2003)." Pl.'s Opp. to Def's Mot. to Strike at 1. In *King*, the plaintiff, a Department of Defense ("DoD") schoolteacher, proffered the testimony of other teachers to establish that his lesson plans "were substantially comparable to their own," and thus that his job performance met DoD expectations. *See King*, 328 F.3d at 149. Citing previous Title VII decisions holding irrelevant the opinions of a plaintiff's co-workers,[1] the Fourth Circuit held that such co-worker testimony could not create a genuine issue of fact with respect to the plaintiff's job performance, and affirmed the district court's grant of summary judgment for the DoD. *See King*, 328 F.3d at 149. In dicta,

---

[1] *See, e.g.*, *Hawkins v. Pepsico, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000) ("The alleged opinions of Hawkins' co-workers as to the quality of her work are [] close to irrelevant." (citation omitted)); *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 444 (4th Cir. 1998) ("Although the affidavits put forth by Tinsley document the fact that certain co-workers, Bank customers, and attorneys believed Tinsley was doing a good job, they fail to address whether management honestly believed that Tinsley was doing a good job.").

however, the Fourth Circuit noted that despite "[t]he irrelevance of King's co-workers *as fact witnesses*," it was "not inconceivable" that, in some other case, a plaintiff might establish that he met his employer's expectations through the *expert* testimony of co-workers concerning (i) the employer's expectations, and (ii) the plaintiff's performance in light of those expectations. *Id.* at 149-50. This method of proof was unavailable to King, the Fourth Circuit noted, because he had not designated his co-workers as experts, and because their proffered testimony "was limited to the fact observation that King's lesson plans looked like theirs," not the "two critical inquiries" identified by the court. *Id.* at 150. In a footnote, however, the Fourth Circuit also observed that King's proffer of the testimony of his co-workers as fact witnesses was, in essence, a disguised attempt to introduce expert opinion testimony from "unqualified, non-expert witnesses." *Id.* at 150 n.4.

Plaintiff seeks to distinguish this case from *King* — and thereby bring this case within the *King* dicta — on the ground that unlike King's co-workers, Ms. Alexander has been designated as an expert witness on the "two critical inquiries" of employer expectations and employee performance. This argument must fail, however, as *King* does not suggest that a co-worker's subjective views of an employee-plaintiff's job performance — irrelevant under settled law[2] — can be made relevant merely by designating the co-worker as an expert. Nor does *King* suggest that the Rule 702 standards governing expert testimony are relaxed for co-workers. Indeed, the case specifically notes that King's co-workers would not qualify as experts. *See King*, 328 F.3d at 150 n.4. Moreover, the case provides no guidance as to when or how a co-worker might qualify as an expert; it merely leaves open the possibility of such qualification.

---

[2] *See supra* note 1.

Accordingly, *King* provides no help where, as here, the proffered co-worker expert lacks the requisite "knowledge, skill, experience, training or education" to qualify as an expert pursuant to Rule 702. *See* FED. R. EVID. 702.

Plaintiff contends, however, that Ms. Alexander qualifies an expert on *King*'s "two critical inquiries" by virtue of her extensive knowledge and experience, noting (i) that Ms. Alexander has worked in the hotel industry for more than two decades, during which time she has held a variety of sales-related positions; (ii) that she has approximately three years of experience working for defendant; (iii) that while working for defendant, she served as plaintiff's direct subordinate; (iv) that she participated in discussions with management concerning the expectations of the Director of Sales and Marketing; and (v) that she occasionally assumed the duties of that position in plaintiff's absence. Ms. Alexander's experience with other employers is, of course, irrelevant here, as only the job-performance expectations of defendant are in issue. *Cf. DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) ("[I]t is the perception of the decision maker which is relevant.") (citations omitted). While Ms. Alexander's employment experience with defendant might, by contrast, be relevant in some respects, it is nonetheless clear from Ms. Alexander's deposition that she cannot provide expert opinion testimony of defendant's job-performance expectations for plaintiff as the Director of Sales and Marketing. Accordingly, Ms. Alexander's experiences do not qualify her as an expert on the subjects for which she has been offered.

For these reasons, and for the reasons stated from the bench,

It is hereby **ORDERED** that defendant's motion to strike plaintiff's designation of Freda Alexander as an expert witness is **GRANTED**. Nothing in this Order is intended to preclude Ms. Alexander from offering testimony as a fact witness on any subject of which she

has personal knowledge and that is not otherwise inadmissible under the Federal Rules of Evidence.

      The Clerk is directed to send a copy of this Order to all counsel of record.


|  |  |
|---|---|
| Alexandria, Virginia | _____<br>T. S. Ellis, III |
| June 16, 2005 | United States District Judge |